## THOMAS B. O'RILEY vs. ALBERT B. CLAMPET.

Argued June 12, 1893.   Affirmed June 21, 1893.

**Cross-Examination as to the Contents of a Written Instrument.**

It is improper, on cross-examination, to ask a witness as to the contents of a written instrument not in evidence.   If the party cross-examining desire to show the contents, and cross-examine upon them, he should, if the instrument be admitted, introduce it, and make it part of his cross-examination.

**Pleadings and Judgment as Evidence.**

A party's pleadings in an action may be admissible against him in another action, as his admissions; but the judgment in the first action, the parties to the two not being the same, is not admissible, either as an admission, or as evidence of the fact on which it is based.

Appeal by defendant, Albert B. Clampet, from an order of the Municipal Court of the City of Minneapolis, *C. B. Elliott*, J., made January 17, 1892, denying his motion for a new trial.

The plaintiff, Thomas B. O'Riley, brought this action to recover of defendant $337, for excavating a cellar on lots seven (7) and eight (8) in block four (4) in Stillman's Addition to Minneapolis.   Defendant owned the lots, and on November 1, 1890, conveyed them to Maurice A. Jones, for $5,000, and took back a mortgage the same day for the entire purchase price.   On January 3, 1891, the deed and mortgage were recorded in the Registry of Deeds.   On March 31, 1891, defendant assigned the mortgage to Henry P. Lyster, and on April 28, 1891, this assignment was also recorded.   On January 19, 1891, plaintiff made a contract with Jones to excavate the earth for the cellar of a block of buildings Jones proposed to construct on these lots.   Plaintiff commenced the work January 26, 1891.   He soon after heard of the mortgage to defendant, and that Jones was insolvent.   He stopped work, and claims he saw defendant and told him the circumstances, and that defendant then promised him to pay for the excavation if he would go on and complete the work, and would assign to defendant a doubtful claim he had for $114 for work on another lot in which defendant was interested.   Plaintiff says he agreed to this, assigned the claim, and completed the excavation.   He brought this action to recover of defendant the price.

Defendant denied making the agreement. On the trial plaintiff was a witness, and testified to the agreement, and was allowed, over defendant's objection, to prove defendant's ownership of the lots and the deed to Jones and the mortgage back for the purchase price. This is the testimony referred to in the assignments of error two, three and four, and mentioned in the opinion. On his cross-examination plaintiff admitted that on May 14, 1891, he made, signed and verified a statement for a lien on the lots for this claim. It was marked Exhibit 3, but was not offered or admitted in evidence. The witness was then asked: "If you were not working for Jones, and did not consider Jones to owe you anything, why did you make Exhibit 3, and therein swear that you did the work for Jones and that Jones owed you thereon $337?" Plaintiff objected to the question, and the court ruled that he need not answer it. To this ruling defendant excepted. Plaintiff brought an action to foreclose his lien, and all other lien claimants and Lyster and Jones were made parties. Judgment was obtained establishing the liens, but making them subject to the mortgage. Defendant offered in evidence a certified copy of this judgment roll, but on plaintiff's objection it was excluded, and defendant excepted to the ruling. Plaintiff had a verdict for $336.22. Defendant moved for a new trial, but was denied and he appeals.

*A. D. Polk,* for appellant.

*Christensen & Tuttle,* for respondent.

GILFILLAN, C. J. When the defendant, on cross-examination of plaintiff, a witness in his own behalf, asked him, "If you were not working for Jones, and didn't consider Jones to owe you anything, why did you make Exhibit 3, and therein swear that you did the work for Jones, and that Jones owed you thereon $337?" the paper, though plaintiff had, on its being shown him, testified that he subscribed and swore to it, had not been introduced nor offered in evidence, nor did defendant then offer it, nor state that he intended to offer it, and the question was properly excluded. If a party desires to show the contents of a paper, and to cross-examine upon it, he must, if the writing be admitted, introduce it as part of his cross-examination. 1 Greenl. Ev. §§ 88, 463.

The judgment in the suit of plaintiff against Jones was not ad-

missible. The lien statement, the complaint in that action, and the other papers signed by plaintiff, were admissible as his admissions or declarations. But the judgment was no admission or declaration of his, and, it being between other parties, it was no evidence, in this action, of the facts on which it was based.

The testimony referred to in assignments of error 2, 3, and 4, though not entitled to much weight, was admissible. It tended to show defendant's relation to the property on which the work sued for was done, and that he might be interested in having it done.

Order affirmed.

(Opinion published 55 N. W. Rep. 740.)