JAMES MORIARTY *vs.* HOME INSURANCE Co.

Argued June 21, 1893.   Reversed June 27, 1893.

### Insurance Policy Construed.

Under the conditions in a policy of insurance that "if the above-mentioned premises shall be occupied or used so as to increase the risk, or become vacant or unoccupied, without notice to and consent of this company in writing, or the risk be increased by the erection or occupation of neighboring buildings, or by any means whatever within the control of the assured, without the consent of this company indorsed hereon," the policy shall be void, the words "by any means whatever," etc., do not qualify the words "or become vacant or unoccupied."

Appeal by defendant, Home Insurance Company of New York, from an order of the District Court of Ramsey County, *Hascal R. Brill,* J., made February 15, 1893, denying its motion for a new trial after verdict for plaintiff, James Moriarty, for $521.85.

*S. E. Hall,* for appellant.

*J. C. Mangan* and *O. H. O'Neill,* for respondent.

GILFILLAN, C. J.   Plaintiff was insured by defendant's policy upon a certain dwelling house.   The policy contained, among other conditions: "If the above-mentioned premises shall be occupied or used so as to increase the risk, *or become vacant or unoccupied,* without notice to and consent of this company in writing, or the risk be increased by the erection or occupation of neighboring buildings, or by any means whatever *within the control of the assured,* without the consent of this company indorsed hereon,   *   *   *   then, and in every such case, this policy shall be void."

The dwelling having become vacant, by a tenant leaving without notice, before the fire, the court below charged the jury that, if it became vacant by means not within his control, then plaintiff could recover.

It raises the question whether the words "by any means whatever within the control of the assured" qualify the words "or become vacant or unoccupied."

It requires a very forced and unnatural construction to give the words that effect,—a construction which would not occur to any one reading the policy for the purpose of determining whether he would accept it. The part of the policy quoted specifies several cases or conditions, each following a disjunctive to show that it is a condition by itself. They are divided into two groups, each followed by words qualifying each case in the group. In the first group are the case of increase of risk by the manner of use or occupation, and the case of becoming vacant or unoccupied, and the qualifying words applicable to those cases are "without notice to and consent of this company in writing," those words completing the condition. In the second group are increase of risk first by the erection or occupation of neighboring buildings; second, by any means whatever within the control of the assured. Then follow the words qualifying the cases in this group,—"without the assent of this company indorsed hereon." It would be a forced and unnatural reading to jump the words "or by any means whatever," etc., over the words "without notice," etc., following the first group, and read them into each case in that group, and, if that could be done, in order to make sense it would be necessary to leave out a word. Try it thus: "Become vacant or unoccupied, or by any means whatever within the control of the assured." Strike out the word "or" before the word "by," there is some meaning, but leave that word in, and there is no sense to the words following it.

A very slight change in the phraseology of conditions of this character in policies will materially change the meaning, and for this reason we get no aid from any of the decisions to which we are referred, for in no one of them were the words precisely as in this case.

Of course, such a condition is not to be understood as avoiding the policy the moment the premises became vacant. The assured must have a reasonable time within which to comply with the condition

by giving the notice. Whether more than a reasonable time elapsed was not made a question in the case.

Order reversed.

(Opinion published 55 N. W. Rep. 740.)