BOVEY SHUTE LUMBER COMPANY, a Corporation, Appellant, v. W. G. CONNERS, Respondent.

(175 N. W. 222.)

**Indemnity — complaint fails to state cause of action.**

1. The complaint in the action is examined and *held* not to state a cause of action against the defendant. The demurrer thereto was properly sustained.

**Judgment not binding on party who is not joined in action.**

2. One who is not in any manner made a party to an action is not bound by a judgment therein.

**Judgment — indemnity — agent not held as indemnitor.**

3. For the reason stated in the opinion, the defendant is *held* not to be an indemnitor.

Opinion filed October 30, 1919.

Appeal from an order of the District Court of Ramsey County, *C. W. Buttz, J.*

Order affirmed.

*Cuthbert & Smythe,* for the appellant.

"Indemnity may be defined as the obligation or duty resting on one person to make good any loss or damage another has incurred while acting at his request or for his benefit." 22 Cyc. 79.

Everyone is responsible for the consequence of his own negligence; and if another person has been compelled to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him. Smith v. Foran, 23 Conn. 244, 21 Am. Rep. 647; Churchill v. Holt, 127 Mass. 165, 34 Am. Rep. 355; Old Colony R. Co. v. Havens, 148 Mass. 363, 12 Am. St. Rep. 558, 19 N. E. 372.

*Rollo F. Hunt,* for the respondent.

"A cause of action accrues against a bond or contract to do a certain act as soon as there is a default in performance, whether the obligee or promisee has suffered damage or not, whereas in the case of a bond or contract conditioned to indemnify damage must be shown before the party indemnified is entitled to recover." 22 Cyc. 80.

"Judgments are admissible when the subject-matter again comes into controversy between the same parties." Phillips v. Jamieson, 16 N. W. 318.

There is no indemnity pleaded in the complaint. There is a wide distinction between indemnity and suretyship or guaranty, and a still greater distinction between indemnity and an agreement to pay. 14 R. C. L. 44; 22 Cyc. 80.

"A definition of indemnity as an obligation or duty resting on one person to make good any loss or damage another has incurred while acting at his request or for his benefit, though somewhat narrower than the broad definition given above, is often quoted." 14 R. C. L. 43; Joy v. Elton, 9 N. D. 428.

A party cannot intervene unless he had such a direct and immediate interest that he will either lose or gain by the direct operation and legal effect of the judgment which may be rendered. Dickson v. Dows, 11 N. D. 407.

The notice was entirely insufficient and unreasonable, even assuming this a case of indemnity.

All authorities hold that there must be a reasonable notice given. 14 R. C. L. 63.

"The notice should be clear and precise, should inform the one to whom it is addressed that he must appear and defend or be concluded, and must be given so as to afford a reasonable time to prepare for the trial." 83 Am. Dec. 386; note in Somers v. Schmidt, 24 Wis. 417; Boyd v. Whitfield, 19 Ark. 447; Davis v. Wilbourne, 1 Hill, 27, 26 Am. Dec. 154; Consolidated & etc. Co. v. Bradley, 68 Am. St. Rep. 409.

GRACE, J. This is an appeal from an order made by Judge C. W. Buttz, of the district court of Ramsey county, sustaining a demurrer interposed by the defendant to plaintiff's complaint in said action. The complaint, in substance, shows that the plaintiff is a Minnesota corporation authorized to do business in the state of North Dakota, engaged in the retail lumber and fuel business; that between the 1st day of October, 1909, and the 1st day of April, 1910, the defendant was in the employ of the plaintiff as agent and manager of plaintiff's lumber and fuel business at the village of Mylo, and had charge of the sales, collections, and books of the plaintiff; that it was his duty to conduct said business and to keep an accurate account of the same and report to plaintiff, and turn over to it the proceeds of sales and collections; that dur-

ing the time mentioned while the defendant was so employed, one Alvin Martin for value made, executed, and delivered to plaintiff his promissory note for $548, and delivered the same to the defendant as agent of the plaintiff and for the plaintiff. The note became due, and certain payments were made thereon, and action was brought by the plaintiff in the district court of Rolette county against Martin to recover the balance due on the note. To this cause of action, Martin pleaded payment of the note, and further alleged that during all of the time that the payments were supposed to have been made, the defendant Conners had the note in charge, and was charged with the duty of collecting and reporting the same to the plaintiff, and that no other person connected with the plaintiff had anything to do with the collection of the note or the payments thereof.

The action against Martin came on for trial at Rolla on the second day of October, 1914; that at said trial, Martin was called for examination under the statute, and testified that he had made payments for the benefit of the plaintiff of which the plaintiff had no knowledge, and with which Martin was not accredited upon the books of the plaintiff by the defendant Conners; that at said trial plaintiff for the first time received any notice or knowledge that the defendant Martin claimed to have made payments to the plaintiff, and thereupon asked leave to amend its complaint, and was given thirty days in which to do so. The parties stipulated the transfer of the action to the county of Ramsey for trial, and the same was thereafter tried anew at the November, 1917, regular term of court at the city of Devils Lake.

Prior to said term of court at Devils Lake, the plaintiff served upon defendant Conners a notice to appear, intervene, and defend as to items of payment claimed by Martin to have been made to defendant Conners, and which he had not reported or accounted for to the plaintiff, said notice being exhibit "A," and it is made a part of the complaint. The notice was served upon Conners upon the 6th day of December, 1917, at the county McLean. The plaintiff and defendant Martin appeared at the trial; W. G. Conners did not appear, nor make any application to appear or defend as to the claims of Martin regarding the sums paid by him.

At the trial, Martin testified he had paid to Conners the following sums of money: December 22, 1909, $100; December 24, 1909, $200;

February 26, 1910, $100; November 10, 1911, $91.85. The cause was submitted to a jury that returned a verdict that defendant Conners had received from Martin for the benefit of plaintiff, the sum of $400; that the said sum of $91.85 paid November 10, 1911, was paid to a representative of plaintiff other than the defendant Conners. The defendant Martin was allowed and accredited the sum of $400. It is further alleged that no part of the sums claimed to have been paid by Martin to the defendant Conners was accounted for by Conners to the plaintiff, nor accounted for or turned over to the plaintiff, except the payment of $100 paid by Martin on the 26th day of February, 1910. Plaintiff further claims that by reason of the failure of defendant Conners to report such payments, he caused the plaintiff to believe that same had not been paid; that thereby the plaintiff was caused to believe that payments had not been made, and by reason thereof brought and maintained the action against Martin which it otherwise would not have done. The defendant Martin not having disputed owing a small balance, and the dispute and contention between the plaintiff and Martin having arisen by reason of the defendant Conners not having reported and accounted for the sums paid by Martin to him, the plaintiff claims that the cost of the litigation against Martin caused it to expend in attorneys' fees, costs, and disbursements, $178.25, and claims that it is entitled to recover that amount against defendant Conners in addition to $300 paid by Martin to Conners, and not accounted for by defendant Conners to plaintiff.

To the complaint, the defendant demurred. The demurrer was sustained. The plaintiff maintained that the court erred in sustaining the demurrer. We are of the opinion that the court did not err in sustaining the demurrer. The complaint most certainly does not allege a cause of action against the defendant. Admitting all the allegations of the complaint to be true, it does not set forth a cause of action against the defendant. The action brought by the plaintiff against Martin was one to recover the amount claimed to be due upon a certain promissory note. Conners was not made a party to that action as he could not well have been, for it is not maintained that he was a signer of the note, nor a surety nor a guarantor thereof. To have made Conners a party to the action between plaintiff and Martin, it would have been necessary to have proceeded in the ordinary manner of commencing an action, viz.,

by the service of the summons upon him. Nothing of this kind was done nor attempted to be done. It must follow that Conners was not a party to that action.

In the trial of the action between plaintiff and Martin, the court had no jurisdiction over Conners, and the judgment entered in that action had no legal force or effect as to him, and did not operate to make the judgment in the action against Martin effective against him. It was a mere waste of time and effort to serve the notice. The legal effect of the notice in that action was nothing. The plaintiff had a perfect remedy against Conners if he had cared to exercise it, which was an action in accounting. This plain and simple remedy was at the disposal of the plaintiff at all times. If he had at any time sued Conners, he could have compelled him to account for any and all moneys collected and received by him while acting as its agent. If it had done this, the defendant would also have been afforded his day in court, and could have set forth his defenses if any he had. The plaintiff, however, maintains that the complaint alleges a cause of action for indemnity, and seeks to recover upon that theory. As we view the matter, there is no merit in plaintiff's contention in this regard. The allegations of the complaint do not in the remotest degree set forth or even shadow forth any cause of action against the defendant, either on the theory or principle of indemnity or otherwise.

Section 6641, Comp. Laws 1913, defines indemnity as follows: "Indemnity is a contract by which one engages to save another from legal consequence of the conduct of one of the parties or of some other person." There is no such contract in this case; there are no relations between the parties which rest upon the principle of indemnity. The relation between the plaintiff and his defendant was that of principal and agent. If Conners in the performance of his duties as agent received and collected money which it was his duty to turn over to the plaintiff, and he did not do so, the plaintiff, if he had proceeded in time, and had not slept upon his rights, could have, as above stated, brought an action for accounting. If plaintiff, however, has seen fit not to avail himself of the plain remedy which the law afforded it, and has slept upon its rights, it must suffer the consequences of its own neglect.

The plaintiff's argument is very ingenious. It seeks to show the applicability of the principle of indemnity by endeavoring to show that

the failure of Conners to turn over the money which Martin paid to him, to the plaintiff, was a tort, and claims for that reason Martin would have had a right of action against Conners for conversion or negligence, etc. Such reasoning is entirely unsound. Conners was the authorized agent of the plaintiff. He had full authority and it was part of his duty to collect the money from Martin. He rightfully collected and received the money from Martin. If this be true, Martin could not sue him for conversion or negligence, for Conners rightfully received and collected the money from him, and lawfully had the possession of the same. What was done with the money thereafter was no concern of Martin's. He had paid it to an authorized agent of the plaintiff, and the defense of payment, under such circumstances, was a complete defense to the extent that payment was made, to any action which the plaintiff might bring against him. What Conners did with the money was no concern of Martin's. That was a matter which concerned Conners and the plaintiff. We conclude, therefore, there is no principle of indemnity involved in this action. There is no contract of indemnity, either expressed or implied. The relations of the parties were such that the principle of indemnity does not apply. The relation between the plaintiff and Conners was, as above stated, that of principal and agent, and the law and principles which govern that relation are applicable.

The case of Grand Forks v. Paulsness, 19 N. D. 293, 40 L.R.A. (N.S.) 1158, 123 N. W. 878, has been cited by plaintiff and appellant in support of their contentions. It, in no sense, supports appellant's position. That case, in no manner, sustains the position of the plaintiff. It is wholly unnecessary to enter into a discussion of the facts and law involved in that case. The complaint and the facts stated herein do not constitute a cause of action against defendant, and the trial court very properly sustained the demurrer to the complaint.

The order of the trial court appealed from is affirmed. The respondent is entitled to the statutory costs of appeal.