UNION NATIONAL BANK OF MINOT, NORTH DAKOTA, a Corporation, Respondent, v. WESTERN BUILDING COMPANY, a Copartnership Consisting of Andrew Person, J. H. Jenson and C. M. Knudson, and Andrew Person, J. H. Jenson, and C. M. Knudson, Appellants.

(175 N. W. 628.)

**Partnership — membership in firm question for jury.**

1. It is *held* for reasons stated in the opinion that there was sufficient evi-

dence to require submission to the jury of the question whether the defendant, Person, was a member of the Western Building Company, a fictitious copartnership, and as such liable upon notes given by that company to the plaintiff bank.

**Evidence — pleading competent as an admission against the party.**

2. It is not necessary to the competency of a pleading, as an admission against the party, that it be one filed in an action between the same parties. A pleading filed in any action is competent against the party if he signed it, or otherwise acquiesced in the statements contained in it, if such statements are material and otherwise competent as evidence in the cause on trial, not by way of estoppel, but as evidence, open to rebuttal, that he admitted such facts.

**Judgment — not binding on strangers.**

3. A judgment binds only parties and privies, not strangers to it. Against strangers, it is not evidence to prove any of the facts upon which it was rendered.

Opinion filed November 17, 1919.

From a judgment of the District Court of Ward County, Honorable K. E. Leighton, Judge, the defendant, Person, appeals.

Affirmed.

Theodore Koffel and H. L. Halvorson, for appellant.

The judgment and record was admissible as evidence particularly after the court had allowed evidence to go in of the reputation of the alleged firm. Jones Ev. 2d ed. § 588; 10 R. C. L. § 223; 15 R. C. L. §§ 482, 488; Bow v. Allenstown, 69 Am. Dec. 489; Vaughan v. Phebe, 17 Am. Dec. 770.

The court erred in its instructions to the jury in commenting upon the evidence, and in unduly expressing and emphasizing the liability or supposed liability of the defendant Andrew Person. Lee v. First Nat. Bank, 11 L.R.A. 283 and note; Sodiker v. Applegate, 49 Am. Rep. 252; Buzzard v. Bank v. Greenville, 60 Am. Rep. 7; Beecher v. Bush, 40 Am. Rep. 465, 7 N. W. Rep. 785; 30 Cyc. 479, 508; Mitler v. Simpson, 18 L.R.A.(N.S.) 963, and note, particularly pages 994 and 1071; Wooley v. Plaindealer Pub. Co. 5 L.R.A.(N.S.) 503 and note; Wilkinson v. Lincoln, L.R.A.1918E, 909 and note on page 912; Benson v. Post, 9 N. W. 684.

Fisk & Murphy, for the respondent.

44 N. D.—22.

Less proof is required to establish partnership in an action against alleged parties than in an action between the parties themselves. Frankel v. Hiller, 16 N. D. 387, 113 N. W. 1067, 15 Ann. Cas. 265.

The firm was clearly bound by the notes. Inmann v. Brookman, 133 N. W. 811; Comp. Laws 1913, §§ 6319, 6385.

CHRISTIANSON, Ch. J.   The plaintiff brought this action to recover upon two promissory notes alleged to have been executed and delivered to it by the defendants Andrew Person, J. H. Jenson, and C. M. Knudson, doing business as a copartnership under the firm name of Western Building Company.   The defendants Jenson and Knudson defaulted.   The defendant Person appeared and answered.   He denied that he was a member of said firm, or that he ever had been a partner of the codefendants, Jenson and Knudson.   The case was submitted to the jury upon the issues thus framed.   The jury returned a verdict for the plaintiff, and the defendant Person has appealed.

The defendant contends that the evidence was insufficient to sustain the verdict, and that the trial court erred in denying his motion for a directed verdict.

A careful consideration of the evidence brings us to the conclusion that the question whether Person was a member of the Western Building Company was one for the jury.

It appears that in August, 1915, the three defendants entered into an agreement with the plaintiff bank whereby they agreed to make certain alterations in the bank building of the plaintiff.   The bid for this work was made in the name of the Western Building Company, but the written contract under which the work was performed was executed in the name of Knudson, Jenson, & Person by Carl M. Knudson.   It was also signed by the three defendants individually.

The cashier of the plaintiff bank testified that before the contract was executed he had a conversation with the defendants with respect to the Western Building Company; that all three of the defendants were present at the time, and that during such conversation the defendant Person stated that he was a member of said Western Building Company.   The cashier further testified that before the bank entered into any business relations with the defendants, inquiries were made

from commercial agencies and banks at Bismarck (where the defendant Person lives) with respect to the financial responsibility of the Western Building Company. The plaintiff offered in evidence certain business cards and letterheads of the Western Building Company on which the names of the three defendants appeared as members of the firm. The plaintiff also introduced in evidence certain written contracts entered into by the Western Building Company in May, 1916, for the construction of several different bank buildings. The contracts recited that they were entered into by "C. M. Knudson, J. H. Jenson, and A. Person, trading as copartners under the firm name of the Western Building Company."

The defendant Person in his testimony, admitted that a partnership arrangement existed between him and the other two defendants in regard to the contract with the plaintiff bank, but he contended that the partnership arrangement was limited to that contract. He also admitted that he knew of the existence of the letterheads on which his name appeared as a member of the firm, but claimed that he had instructed the codefendants not to use such letterheads. He admitted, however, that he used some of them himself in his business at Bismarck at a time when he had no letterheads of his own. Person denied that he had any interest in the contracts entered into in May, 1916, and claimed that his only connection therewith was that he assisted Knudson and Jenson to obtain the bonds required by the parties for whom the buildings were being constructed.

The notes sued upon are dated respectively October 2 and October 22, 1917, and it is contended by the appellant that in any event the partnership had ceased to exist prior to that time. It appears, however, that in August, 1916, the three defendants gave their notes to the plaintiff bank for the aggregate sum of $2,000. These notes were signed by all three defendants. The cashier of the plaintiff bank testified that the proceeds of that loan was credited to the account of the Western Building Company; and Knudson testified that such moneys were disbursed by the firm in payment of materials and labor. The cashier of the bank further testified that the notes given by the defendants in August, 1916, were renewed in all six different times, and that the notes sued upon in this action to a large extent represent

a renewal of the notes given in 1916. The cashier of the plaintiff bank further testified that during the time such renewal notes were taken, and in fact up until and after this action was instituted, the bank had no knowledge either that the defendant Person claimed that his interest in the firm was limited to a specific transaction, or that he claimed to have severed his connection with the firm. He further testified that the credit extended to the Western Building Company by the plaintiff bank, both originally and by way of renewal, was extended in reliance upon the fact that the defendant Person was a member of such firm.

The defendant Knudson testified positively that Person was a member of the firm from the time the contract was made with the plaintiff bank in August, 1915; that he was a member at the time the contracts were made in May, 1916, and in fact that the partnership relation had continued from 1915, and had never been terminated.

Under our laws "every general partner is agent for the partnership in the transaction of its business and has authority to do whatever is necessary to carry on such business in the ordinary manner and for this purpose may bind his copartners by an agreement in writing." Comp. Laws 1913, § 6403. And "every general partner is liable to third persons for all obligations of the partnership jointly with his copartners." Comp. Laws 1913, § 6410. And "any one permitting himself to be represented as a partner, general or special, is liable as such to third persons to whom such representation is communicated, who on the faith thereof give credit to the partnership." Comp. Laws 1913, § 6412. "If no term is prescribed by agreement for its duration, a general partnership continues until dissolved by a partner or by operation of law." Comp. Laws 1913, § 6414. But "the liability of a general partner for the acts of his copartners continues, even after the dissolution of the partnership, in favor of persons who have had dealings with and given credit to the partnership during its existence, until they have had personal notice of the dissolution. . . ." Comp. Laws 1913, § 6418.

It seems too clear for argument that under the evidence in this case, and the laws applicable thereto, the trial court ruled correctly when it refused to direct a verdict in favor of the defendant, and that the jurors had ample evidence before them to justify their finding.

Appellant also predicates error upon the admission of evidence. As already stated, the defendant Person denied that he had any interest in the buildings which the Western Building Company contracted for in May, 1916, or that he was in any manner a partner as to those contracts. Thereafter, during cross-examination of Person, plaintiff's attorney identified and introduced in evidence an answer, which had been interposed by the defendant Person, in an action that had been brought and was then pending against the defendants as copartners under the firm name of 'Western Building Company, wherein there was a specific admission that the three defendants were associated together under the firm name and style of Western Building Company for the purposes, among others, of constructing the buildings contracted for in May, 1916. Appellant contends that it was error to admit the admissions contained in the answer. It is well settled that such admissions are admissible. 1 Enc. Ev. 425; O'Riley v. Clampet, 53 Minn. 539, 55 N. W. 740. The admission in the answer was at variance with the testimony of the defendant in this case, and had a direct bearing upon the question whether the moneys loaned by the plaintiff to the Western Building Company was loaned to a firm of which defendant Person was a member. There was no contention that the admission in the answer was conclusive, and defendant's counsel was permitted to testify and fully explain the conditions under which the answer was prepared, and how the admissions happened to be made. He was further permitted to testify that he had prepared and intended to serve an amended answer withdrawing the admissions made, although he admitted that such amended answer had not been served or filed.

Defendant also assigns error upon the exclusion of evidence. It appears that one Hagan had brought action against the Western Building Company, and that judgment had been rendered therein in favor of the defendant Person. At least that is the contention of appellant's counsel. We have no means of knowing what the judgment was, or what the issues in the case were. Defendant did not offer the judgment roll in the action, but offered merely the judgment. The judgment is not contained in the record. In these circumstances there is nothing before us for review. It seems clear, however, that the judgment

could in no event have been admissible in this action. The liability of the defendant in this case depended upon the facts shown by the evidence in this case, and not upon what might have been shown or found in some other case between different parties. The plaintiff was in no manner a party to the Hagan case, and so far as the record shows had no knowledge either of the transaction involved therein or the proceeding had in the action. Manifestly the recitals in the judgment in the Hagan case would not blind the plaintiff in this case nor could they have any effect upon the obligations of the parties to this action. "Upon established principles, a judgment binds and is admissible against parties to the suit in which it is rendered; and privies are, of course, bound, as they are the representatives of the real parties; but beyond these a judgment *in personam* is evidence only of the fact of its own rendition; *it may not be introduced to establish the facts upon which it has been rendered.* It is an axiom of the law, that no man shall be affected by proceedings to which he is a stranger—to which, if he is a party, he must be bound. He must have been directly interested in the subject-matter of the proceedings—with the right to make defense, to adduce testimony, to cross-examine the witnesses on the opposite side, to control in some degree the proceeding, and to appeal from the judgment. Persons not having these rights are regarded as strangers to the cause." 10 R. C. L. pp. 1116, 1117, § 323. See also O'Riley v. Clampet, 53 Minn. 539, 55 N. W. 740.

Upon the record before us there is nothing to indicate that the defendant did not receive a fair trial. We find no reason for disturbing the judgment.

Affirmed.

BRONSON, ROBINSON, and BIRDZELL, JJ., concur.

GRACE, J., concurs in the result.