James **FEATHER**, Philip Feather, Virgil Feather, Linda Feather, and Tina Marie Feather (Mesabe), by Walter Lien, their Guardian ad Litem, Plaintiffs and Appellants,

v.

Samuel D. **KRAUSE**, the Administrator of the Estates of Ernest Betke and Harold Hartl, deceased, Defendant and Respondent.

Supreme Court of North Dakota.

June 23, 1958.

Duffy & Haugland, Devils Lake, for plaintiffs-appellants.

Palda, Palda & Peterson, Minot, for defendant and respondent.

MORRIS, Judge.

This action was brought on behalf of five minor children by their guardian ad litem Walter Lien to recover damages for the alleged wrongful death of their mother growing out of an automobile accident. The defendant is the administrator of the estates of Ernest Betke and Harold Hartl who were killed in the same accident.

The amended complaint alleges that at the time of the accident a collision occurred between an automobile in which Delores Feather, mother of the plaintiffs, was riding and an automobile being driven by Ernest Betke with whom Harold Hartl was riding, that Betke and Hartl were engaged in a joint enterprise, namely a mutual joy ride, that they were intoxicated and were negligent and reckless in the operation of the automobile, and that the collision that resulted in the death of Delores Feather was caused solely and proximately by their negligence and recklessness.

The defendant answered by a general denial. The answer further alleges that in October, 1956 an action was commenced by the minor plaintiffs in this action by their guardian ad litem Paul S. Reaney against Ray I. Clark and Violet Clark as defendants which action was based upon the death of Delores Feather resulting from the same automobile collision that is the basis of the present action. The answer further states that a judgment was rendered against Ray I. Clark and Violet Clark in the sum of $1,300, and that:

"The said judgment is based upon the same cause of action alleged in plaintiffs' amended complaint and was rendered in favor of the same minor plaintiffs and that said judgment is a complete and full satisfaction and trial

of the said cause of action alleged in the plaintiff's amended complaint, and is full satisfaction of the said cause of action."

The defendant moved for a summary judgment in accordance with the N.D.R. Civ.P., Rule 56, on the grounds that the pleadings and affidavits attached to the motion show that the action had previously been adjudicated and that the defendant was entitled to judgment in this action as a matter of law.

Attached to the motion was the affidavit of K. S. Peterson, one of the attorneys for the defendant, which states:

"That said Deloris Alex Feather died as a result of an automobile accident on July 29th, 1956, at a point about seven miles south of Devils Lake, North Dakota, when she was a passenger in a vehicle owned and driven by Ted Tofsrud. The Tofsrud vehicle was involved in a collision with a vehicle owned by Ray I. Clark and Violet Clark and at the time of the accident, the Clark vehicle was occupied by Ernest Betke and Harold Hartl, the deceased persons in the above entitled action."

The affidavit then goes on to describe the procedure that resulted in the appointment of a guardian ad litem and the bringing of an action against the Clarks for damages arising out of the death of Delores Alex Feather. It also appears from the affidavit that the action against the Clarks was brought in the district court of Ramsey County and that the judge thereof ordered the guardian ad litem to enter into a settlement with the Clarks and ordered that the money paid should be delivered to the Superintendent of the Fort Totten Indian Reservation for the benefit of the minor children. On October 19, 1956, pursuant to this order and a stipulation signed by the guardian, judgment was entered, the money paid over to the superintendent and satisfaction of

the judgment was entered in Ramsey County. It is then stated that the minor children involved in these actions are the same children and that both actions are based on the death of Delores Alex Feather as the result of the automobile accident.

The motion for summary judgment was resisted. The resistance was supported by the affidavit of Neil Thompson, one of the attorneys for plaintiffs in this action, in which he states:

"That on July 29, 1956, Harold Hartl and Ernest Betke borrowed from Clark Oil Company of Fessenden, a certain automobile which they used in and about their own business and pleasure; that on said day, while driving such borrowed automobile, they collided with an automobile in which Delores Feather and two of her children were riding, and that as a result of such collision the said Delores Feather died and the two children were injured."

The affidavit further states that the Clark Oil Company is owned by Ray Clark and Violet Clark and that the accident, death and injuries were caused by the negligence of Hartl and Betke. The affidavit further states:

"That the basis of settlement insofar as the death of the plaintiffs' mother is concerned, was wholly inadequate at least insofar as the estates of Harold Hartl and Ernest Betke are concerned."

The court granted defendant's motion and ordered entry of summary judgment. From a judgment entered pursuant to that order the plaintiffs appeal.

The accident that resulted in the death of Delores Feather also resulted in personal injuries to the minor plaintiffs James Feather and Tina Marie Feather. In October 1956 three actions were brought against Ray I. Clark and Violet Clark, one each for the personal injuries of the minors and a third action for the

wrongful death of the mother. Settlements were made in all three actions and judgments rendered accordingly. The guardian ad litem in each of the three actions was Paul S. Reaney. The judgment roll in the action for wrongful death of the mother is made a part of the record of this appeal. The complaint in that action alleges:

"That heretofore, on or about July 29th, 1956, the said Delores Alex Feather was riding in an automobile being driven by one Ted Tofsrud at a point about six and one-half or seven miles south of Devils Lake, North Dakota, on Highway 57 traveling in a southerly direction. That at said time and place the defendants were the owners of a 1948 Nash, which was being driven by one Harold Hartl in a northerly direction.

"That the said Harold Hartl negligently and carelessly and recklessly operated the Nash vehicle as to propel it into the vehicle driven by Ted Tofsrud killing the said Delores Alex Feather."

It is then alleged that the plaintiffs were deprived of the society, service, comfort and motherly love, support and attention due them and which could reasonably be expected by them to their damage in the sum of $5,000. This complaint is signed by the guardian ad litem as is the summons. Nowhere in the proceedings does it appear that the guardian, Paul S. Reaney, had an attorney. Reaney petitioned the court for an order allowing him to enter into settlements of all three actions, as follows: For James Feather, who was also known as James Alex, $100; for Tina Marie Feather, who was also known as Tina Marie Masabe, $300, and for the five minor children for the death of their mother, $1,300. The petition contains this statement:

"Your petitioner is informed that the question of negligence on the part of the defendants or on the part of Har-

old Hartl and that of contributory negligence on the part of the deceased is problematical, and that the liability of the defendants is very questionable."

The settlement was approved by the court. A stipulation was entered into between the guardian ad litem and the attorneys for Ray I. Clark and Violet Clark for the entry of judgments pursuant to the permission of the court, which provided:

"That said judgments shall be a full and complete settlement of any and all causes of action that the five minor children have against the defendants arising out of an automobile accident on July 29th, 1956."

The court ordered judgment in accordance with this stipulation and pursuant to that order judgment was entered in favor of the five minor plaintiffs and against Ray I. Clark and Violet Clark in the sum of $1,300.

Paul S. Reaney, the guardian ad litem, petitioned the court requesting that he be allowed to accept sight drafts payable to the judgment creditors in the amounts specified in the judgment and to turn the funds collected therefrom over to the superintendent of the Fort Totten Indian Reservation for the benefit of the minor plaintiffs and that he be allowed to satisfy the judgment. The court granted that petition and entered an order accordingly. It also appears that a satisfaction of the judgment was executed by Paul S. Reaney. It also appears that all of the instruments pertaining to the judgment against the Clarks, beginning with the summons and including the satisfaction of the judgment, are dated October 19, 1956 and bear the stamp of the clerk of the district court of Ramsey County showing that they were filed in his office on that date.

█ It is provided by the N.D.R.Civ.P., Rule 56(c), that upon the hearing of a motion for a summary judgment:

"Judgment shall be rendered forthwith if the pleadings, depositions, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

Under this rule the motion will be granted only if after taking the view of the evidence most favorable to the party against whom summary judgment is sought it appears that there is no genuine issue as to any material fact and that the party seeking the judgment is entitled to it as a matter of law. Sauter v. Sauter, 244 Minn. 482, 70 N.W.2d 351; McCuller v. Workson, 248 Minn. 44, 78 N.W.2d 340; Federal Practice and Procedure, Rules Edition, Barron and Holtzoff, Section 1234; Moore's Federal Practice, Second Edition, p. 2123.

The respondent argues that the minor plaintiffs had but one cause of action growing out of the death of their mother, that this single cause of action existed against the driver of the car and against the owner of the car, and it is further argued that the judgment against the Clarks as owners renders all of the issues regarding the liability of the present defendant res adjudicata and that this action cannot be maintained because the splitting of a single cause of action is not permitted under the rule stated in Farmers Insurance Exchange v. Arlt, N.D., 61 N.W.2d 429. These contentions are incidental to the basic question as to whether the defendant is under this record entitled as a matter of law to a summary judgment in effect dismissing plaintiffs' action because of the former judgment against the Clarks.

In considering this matter we will assume without deciding that the guardian ad litem in the Clark case had authority to collect that judgment and that it is satisfied since no question appears to have been raised as to his authority in this respect.

The complaint in the action in which judgment was rendered against the Clarks alleges only that they were the owners of the car which was being driven by Harold

Hartl at the time of the accident. The answer is a general denial. The stipulation upon which judgment was entered merely states the amount for which it is to be entered and that it shall be a full and complete settlement of any and all causes of action that the plaintiffs have against the defendants. The stipulation does not mention the accident, negligence of the driver or any matters which would connect the Clarks either with the accident or with the car. In the guardian ad litem's petition to the court for permission to make the settlement he states:

"that the liability of the defendants is is very questionable."

This, to say the least, is an understatement for there is nothing in the pleadings or elsewhere in the record of that case that indicates any liability on the part of the Clarks. Liability cannot be predicated upon ownership of the automobile alone.

"Ownership alone is not sufficient to impose liability upon the owner of an automobile because of the negligence of another whom he has permitted to use the automobile." State for Benefit of Workmen's Compensation Fund v. Thompson, 73 N.D. 56, 11 N.W.2d 113.

See, also, Posey v. Krogh, 65 N.D. 490, 259 N.W. 757; Leonard v. North Dakota Co-op. Wool Marketing Ass'n, 72 N.D. 310, 6 N.W.2d 576; McIntee v. Baker, 66 N.D. 669, 268 N.W. 661.

The amended complaint in this action sets forth a cause of action based on the negligence of Betke and Hartl. The Clarks are not mentioned. The answer of the defendant as administrator of the estates of Betke and Hartl sets forth the rendition of a judgment in favor of the plaintiffs and against Ray I. Clark and Violet Clark in the District Court of Ramsey County, North Dakota in the sum of $1,300. Neither payment nor satisfaction of this judgment is pleaded. However, it is alleged that:

"The said judgment is based upon the same cause of action alleged in plain-

tiffs' amended complaint and was rendered in favor of the same minor plaintiffs and that said judgment is a complete and full satisfaction and trial of the said cause of action alleged in plaintiff's amended complaint, and is full satisfaction of the said cause of action."

There is nothing in the entire record embracing the judgment rolls of both cases that indicates that there was an adjudication of the merits in the action against the Clarks. The contrary appears to be true since the court made no findings but ordered judgment entirely upon the brief stipulation signed by the attorneys for the defendants Clark and by Paul S. Reaney as guardian ad litem for the minor plaintiffs. It is clear that the judgment rendered against Clarks was based wholly upon compromise between the plaintiffs and the Clarks and was not such an adjudication of the merits as will support the defense of res judicata on behalf of this defendant.

It is also suggested that the present action is a collateral attack upon the Clark judgment. It is not an attack upon the Clark judgment at all. The judgment stands against Clarks without challenge. The only question involved is the effect of that judgment and its satisfaction on the right of the minor plaintiffs to recover damages from the estates of Betke and Hartl.

There was an accident resulting in injury to the plaintiffs for which as far as this record shows the Clarks were in no way responsible. The judgment against them was rendered wholly pursuant to the stipulation and involved no adjudication either of law or fact. If the payment and satisfaction of that judgment prevents the maintenance of an action in which a cause of action is stated against Betke and Hartl the trial court properly ordered a summary judgment. On the other hand, if the judgment does not prevent the maintenance of the second action the trial court erred.

In the Cyclopedia of Automobile Law and Practice, Blashfield, Permanent Edition, Sec. 3157, it is said:

"where payment in full or in part is received from a stranger who was not liable, it has been held that such payment will not reduce or extinguish the claim, although perhaps the weight of authority gives it that effect. Thus, it has been held that where an alleged tort feasor due to a mistaken assumption of liability paid consideration for a release, the sum so paid should be deducted from any claim against another tort feasor, although there is authority to the contrary."

Citations and comments on a number of cases dealing with the effect of a settlement with or release of a party assumed to have been jointly liable with a wrongdoer where it appears that the party with whom the settlement was made was not liable for the injury may be found in annotations in 50 A.L.R. 1096 and American and English Annotated Cases, Vol. 8, p. 1042. The authorities are far from uniform as to the effect of such release or settlement.

In Hartigan v. Dickson, 81 Minn. 284, 83 N.W. 1091, 1092, it is said:

"It is undoubtedly the rule that where an injured party has accepted satisfaction in full for an injury done to his person, from whatever source it may come, the settlement he has made is so far effected in equity and good conscience that the law will not permit him to recover again for the same injury. * * * The law will not permit use of its processes to secure more than the just compensation to which an injured party is entitled."

That decision is illustrative of the reasoning of most courts that have applied the rule that a release of a cause of action to one of several persons thought to be liable operates as a release to all who are in fact liable. The application of that rule is bas-

ed upon the equitable principle of estoppel arising from unjust enrichment. The record in this case shows that the settlement that was made did not purport to be a complete settlement of all of the plaintiffs' damages. It was intended as a release of the Clarks from what the parties regarded as a very questionable liability but which as far as this record shows was no liability at all. Had judgment not been entered and satisfied we would have no hesitancy in terminating this opinion at this point with the determination that the settlement with the Clarks did not affect the right of the plaintiffs to maintain an action against Betke and Hartl. But in this case the settlement was reduced to judgment and the judgment satisfied.

■ It is a general rule subject to exceptions not applicable here that the doctrine of res judicata binds only parties to the action in which the judgment was rendered and their privies and does not affect strangers to the judgment who are neither parties nor in privity with a party to the action. 30A Am.Jur., Judgments, Sec. 393; 50 C.J.S. Judgments § 762; Bovey Shute Lumber Co. v. Conners, 43 N.D. 382, 175 N.W. 222; Union Nat. Bank of Minot v. Western Building Co., 44 N.D. 336, 175 N.W. 628. If the judgment against the Clarks and its satisfaction is to have any effect upon the plaintiffs' suit against the estates of Betke and Hartl it must result from the equitable doctrine of estoppel based upon unjust enrichment for, as stated in Parsons v. Rice, 81 Mont. 509, 264 P. 396, 402:

"where a plaintiff secures an uncollectible judgment in an untenable action against the wrong party, such judgment is no bar to recovery in a proper action against the right party."

■ In Grimm v. Globe Printing Co., Mo., 232 S.W. 676, 679, a workman employed by Robert Ziegler & Sons was killed while engaged in moving a furnace for the defendant Globe Printing Co. The widow sued both firms. She settled with the Ziegler firm for $500 and dismissed her action against it. The opinion states:

"Defendant claims error in the refusal of the trial court to instruct the jury that $500 received by her from the Zieglers should be considered in reduction of damages. Laws of 1915, p. 268, cited by appellant, have no application, as we view the matter, because that act applies only in the case of joint tortfeasors or joint wrongdoers. The evidence in this case fails to show joint liability between Ziegler & Sons and the Globe Printing Company for the death of deceased. The payment by Ziegler of $500 for a dismissal of the case with an agreement that no further suit should be brought, under the facts in this case does not come within the meaning of Acts 1915, p. 268 (section 4223, R.S.1919). It is no concern of defendant if the Zieglers are willing to pay for a dismissal of a case wherein they were not jointly liable."

Although there was no judgment entered in that case there was a settlement and dismissal of the action upon payment and it can be assumed that pleadings in that action stated a cause of action against Zieglers while in the case before us no cause of action was either pleaded or shown to exist against the Clarks. There was therefore no joint cause of action against the Clarks and this defendant.

In Poehl v. Cincinnati Traction Co., 20 Ohio App. 148, 151 N.E. 806, it appears that the plaintiff was injured as the result of stepping from a street car into a hole in the street. She recovered and satisfied a judgment against the city. This judgment and satisfaction were held not to bar an action against the Traction Co. for its concurrent tort since the satisfaction was not intended or received as a full settlement. There is nothing in this case to indicate that the judgment before us was stipulated for and satisfied as a full settlement for

the plaintiffs' injury resulting from the death of their mother. The record indicates otherwise. The parties and the court merely put in judgment form a settlement that was in effect a release of the Clarks from an imaginary liability which upon the face of the judgment record appears to have been nonexistent. The merits were not adjudicated by the court. Neither were the equities determined. See In re Director of Insurance, 141 Neb. 488, 3 N.W.2d 922.

In this case involving as it does a suit by minors who do not appear to have been represented by legal counsel but only by a guardian ad litem who instituted the action, stipulated for entry of judgment and executed a satisfaction, all on the same day, against parties who upon this record had no liability for the injury, we have no hesitancy in holding that no principle either legal or equitable prevents the maintenance of this action by these plaintiffs who have pleaded a cause of action against the estates of Betke and Hartl. The court erred in granting summary judgment. That judgment is therefore reversed.

GRIMSON, C. J., and SATHRE, JOHNSON and THOMAS J. BURKE, JJ., concur.