J. P. ENGEN, Respondent, v. B. K. SKEELS, Appellant.

(236 N. W. 240.)

Opinion filed April 16, 1931.

*Sullivan, Hanley & Sullivan,* for appellant.

BIRDZELL, J. The plaintiff sued to recover for personal injuries and property damage alleged to have resulted from negligence of the defendant in the operation of his automobile. The plaintiff recovered

judgment in the district court and the defendant moved for a new trial. This appeal is from the order of the district court denying the motion. The facts may be briefly stated as follows: On the night of June 3, 1928, the plaintiff was driving in a westerly direction on highway No. 10, approaching the city of Bismarck. While approximately ten miles east of the city the defendant approached from the rear and passed the plaintiff's car. Immediately thereafter the plaintiff's car turned over, severely injuring the plaintiff's left hand and damaging the car. The plaintiff was driving a touring car and was accompanied by his wife and three children who were riding in the rear seat. The defendant was driving a sedan and was accompanied by his wife and daughter who were riding in the front seat with him. At the place where the accident occurred there was a ridge of gravel on each side of the road from a foot to a foot and a half in height and there was a coating of gravel between the two ridges on that part of the road on which vehicles were traveling. On account of the gravel the space utilized for vehicles was narrow, but there remained ample space for them to pass with safety. The plaintiff was driving his car on the right-hand side of the road near the ridge of gravel on the north side at a rate of speed which probably did not exceed twenty or twenty-five miles an hour. The defendant was traveling somewhat faster and desired to pass. He turned toward the left-hand side of the road and went past the plaintiff's car, driving from twenty-five to thirty miles an hour. Immediately after passing both the defendant and his wife noticed the reflection of flickering lights in the windshield and rear view mirror and heard the sound of the plaintiff's car as it turned over. They immediately stopped and went back to render such assistance as they could. The defendant, his wife and daughter testified that there was no contact between the cars as they passed. The defendant's wife who was sitting on the right-hand side, where she could see, thought there was fully two feet of space between the cars as they passed. The defendant's version that there was no contact is further corroborated by witnesses who examined his car next morning and could find no marks indicating that there had been any collision. On the other hand, both the plaintiff and his wife testified that as the defendant went past they heard a scraping noise as though the defendant's car was striking the left front fender of the plaintiff's car. The plaintiff testified to

the effect of the collision upon the steering gear, that it caused him to lose control of the car which in turn caused it to turn over.

There are two main contentions on the appeal: first, that the evidence is insufficient to support the verdict; second, that the court erred in instructing the jury. As to the first question, it is apparent that little need be said. We cannot resolve the case according to what we might consider to be the weight of the evidence. There is a clear dispute in the testimony as to whether or not there was a collision. This dispute has been resolved by the verdict of the jury and by the order of the trial court denying the motion for a new trial. Since the verdict rests upon substantial evidence in the case, it cannot now be disturbed except for error.

It is next contended that the instructions are erroneous in that the court authorized the jury to return a verdict for the plaintiff even though the defendant might have been guilty of contributory negligence which was a proximate cause of the accident. At several places in the charge the court did say, in substance, that if the jury should find from a preponderance of the evidence that the defendant was negligent their verdict should be for the plaintiff unless they further found that the plaintiff was himself negligent and that his negligence was the proximate cause of the accident. This instruction, of course, is erroneous. Contributory negligence which will preclude a plaintiff from recovery is just what the term itself signifies: negligence which contributes to the accident. It does not have to be the proximate cause of the accident. It is sufficient if it contribute proximately to the result. At other places in the charge, however, the court correctly defined contributory negligence and stated the circumstances in which it would preclude recovery by the plaintiff. It defined contributory negligence as being a want of reasonable care and caution on the part of the person injured, which directly contributes to the injury and which is also "one of the proximate causes of the injury." It placed the burden of proof of contributory negligence on the defendant in the following language: "And the defendant must prove to your satisfaction by a preponderance of the evidence that the plaintiff himself was guilty of negligence contributing to the accident, and that it was one of the proximate causes of the accident." Notwithstanding these instructions which correctly define contributory negligence and properly place the

burden of proof with respect to it, the court in at least four different places in the instructions said that the contributory negligence which would preclude a recovery on the part of the plaintiff must be *the* proximate cause of the accident. Hence, the instructions as a whole could not form a clear guide to the jury in determining the effect of contributory negligence. However, instructions which are abstractly incorrect are not necessarily prejudicial. Their prejudicial effect may well depend on the state of the evidence and the theory upon which the case is presented.

The only evidence of negligence in the case is that which tends to prove that the defendant so drove his car as to make it collide with the plaintiff's car. This is the evidence of the plaintiff and his wife. If there was a collision it was the fault of the defendant. If there was no collision the defendant is not at fault. There is no testimony showing any negligence of the plaintiff which may be said to have contributed to the collision. There is in fact no evidence of *contributory* negligence in the case. The plaintiff was concededly going at a moderate rate of speed. He was on the right-hand side of the road and observed every rule of caution that a reasonably prudent driver would observe under the circumstances. Since the defendant says there was no collision, it is apparent from his standpoint that there was no theory on which the plaintiff's negligence could have *contributed* to the accident. Consistent with the testimony and the theory of the defendant, if the accident was caused by any negligence of the plaintiff, such negligence was the sole proximate cause. Under no possible theory of the defense could the jury have found for the defendant unless it believed from the evidence either that he was not negligent or that the plaintiff's negligent driving was the sole cause of the accident. In these circumstances the error in the instruction must be regarded as harmless and non-prejudicial.

The judgment appealed from is affirmed.

CHRISTIANSON, Ch. J., and BURR, BURKE and NUESSLE, JJ., concur.