[Civ. No. 18145.   Second Dist., Div. One.   Aug. 17, 1951.]

MUREL SHERROD, Appellant, v. DANIEL L. SAUNDERS
et al., Respondents.

Arthur C. Miller and Lee A. Solomon for Appellant.

Bauder, Gilbert, Thompson & Kelly and Roger Kelly for
Respondents.

DORAN, J.—In this action for damages for personal in-
juries the jury returned a verdict for defendants and plain-
tiff appeals from the judgment that followed.

It is contended on appeal that the verdict was contrary to
the facts and the law.   It is also urged that certain instruc-
tions were "contrary to law, contradictory in fact, and mis-
leading to the jury."

The statements of facts in the respective briefs reflect the
controversy.   Appellant's brief recites: "The following facts
are undisputed:   On the evening in question, the plaintiff
while acting as a State Highway Patrol Officer, was called to

the scene of an accident which had occurred at the above mentioned intersection. Imperial runs east and west and St. Andrews, north and south, the latter intersecting Imperial Highway only on the north, and not being cut through on the south side of Imperial. The center of Imperial was distinctly marked with a painted double white line.

"The plaintiff went to the center of the intersection from the south side of Imperial and made observations for the purpose of his report, and was standing on the double center line, or had started to walk from the center line of Imperial in a southerly direction along a line that coincided with the westerly curb line of St. Andrews, when defendant, westbound, ran into plaintiff. Defendant admitted that he never saw the plaintiff at any time before the accident, although his headlights were burning. The plaintiff was at the time of the accident looking to his right, to the west, the direction from which traffic might be anticipated, in crossing the southerly half of Imperial Highway. His flashlight was burning and held in his hand, or under his arm, at all times."

Respondent on the other hand recites the facts as follows: "Taking the evidence in the light most favorable to defendant, defendant was at all times on the north side of the double white line, i.e., on the right side of the highway as he drove west. Defendant was driving at a moderate rate of speed, and had his headlights on. Defendant did not see plaintiff until just before the impact, from which it may be inferred that plaintiff stepped over the white line into the path of defendant's oncoming vehicle, or else was at all times north of the double line. Plaintiff had been standing in the middle of the road with his back toward west bound traffic. Plaintiff, a highway patrolman, had been investigating a prior accident and was writing on a sheet of paper. He used no care or diligence to observe cars coming from defendant's direction. Plaintiff had previously put red flares upon the highway but had carelessly allowed them to die out and had carelessly failed to replace them.

"Plaintiff was carrying a flashlight, but negligently did not have it pointed in defendant's direction, which was the direction from which danger was most likely. The automobiles involved in the first accident had been removed from the highway, and plaintiff had already concluded such investigation of skidmarks, etc., as his duties required. The record reveals no excuse or reason for plaintiff's writing of his report

while standing in the middle of the highway, nor for his facing away from the direction of danger.''

▮ There was no evidence that defendant crossed the double line. The jury determined that the defendant was not guilty of negligence and in all probability believed that plaintiff's conduct in the circumstances was negligent. And there is substantial evidence to support such a conclusion. ▮ It should be noted in this connection that the double traffic line has never been regarded as a safety zone. Moreover, if the double line at the point where the accident occurred is similar to the highway lines throughout the state, it is only 10 or 12 inches wide overall. There is no evidence in the record on this fact. ▮ It should also be noted that public officials, in any branch of the government, whether executive, legislative or judicial, are entitled to no special privileges and it is as much the duty of a peace officer, in such circumstances, to use ordinary care as any other citizen.

An examination of the instructions reveals no prejudicial error in connection therewith.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.