Paul HEASLEY, Plaintiff and Appellant,

v.

The STATE of North Dakota, and Stutsman County, North Dakota, a public corporation, Defendants and Respondents.

No. 8002.

Supreme Court of North Dakota.

May 4, 1962.

Rehearing Denied June 9, 1962.

Francis Breidenbach, Bismarck, attorney for plaintiff and appellant.

Leslie R. Burgum, Atty. Gen., and Paul M. Sand, Asst. Atty. Gen., Bismarck, and

James R. Jungroth, State's Atty. of Stutsman County, Jamestown, for defendants and respondents.

MORRIS, Judge.

This is an appeal from a judgment dismissing plaintiff's action entered pursuant to an order of the district court granting defendants' motion for summary judgment. According to the allegations of the complaint, on December 13, 1955, certain lands located in Stutsman County were sold at tax sale and bid in by the plaintiff for the sum of $4,922.86, which the plaintiff paid to the defendant Stutsman County and received therefor a certificate of tax sale. No redemption from the tax sale was made and upon the expiration of the period of redemption provided by statute and after notice duly given, the county auditor issued a tax deed to the plaintiff for the land described in the certificate of sale. It is then alleged that the defendants by operation of law did actually and impliedly represent and warrant to the plaintiff that they conveyed to him an absolute estate in fee simple subject only to claims of the State or its taxing districts resulting by virtue of taxes, liens or encumbrances arising after the issuance of the tax certificate of sale, and that the defendants warranted the title as a new and complete title extinguishing all prior titles and encumbrances. The complaint states:

"That the defendants have breached the representations and warranty aforesaid; that the defendants have negligently permitted the impairment of their obligations created by the Certificate of Tax Sale and Tax Deed as aforesaid; that said defendant State of North Dakota, in actions in which it was a party and had full knowledge, has not only negligently failed to support its warranty and to support the obligation of its contracts, but on the other hand has negligently permitted the jurisdiction of its Courts to be usurped and has assisted in (by entry of a belated nunc pro tunc appearance) the entry of judgments in United States District Court purportedly confirming * * *."

By way of answer the defendants deny that they warranted individually or collectively, expressly or impliedly, a fee simple title in the property. They allege that this property became subject to a tax lien in favor of the United States Government prior to the issuance of the tax deed to the plaintiff, that the tax deed conveyed only such interest as Stutsman County and the State of North Dakota had in the property, and that the lien of the United States was superior to any interest the State of North Dakota or the County of Stutsman acquired by virtue of the tax certificate or the tax deed.

The sole question on this appeal is whether on the pleadings and showing made before the district court the defendants are entitled to a summary judgment. To be so entitled it must appear that there is no genuine issue as to any material fact to be tried. Rule 56(c), N.D.R.Civ.P.; Temme v. Traxel, N.D., 102 N.W.2d 1.

Plaintiff's complaint mingles allegations of negligence on the part of the defendants with allegations of warranty of title, express or implied, claimed to have arisen by virtue of the tax certificate and deed and the statutes under which they were issued. This is further emphasized by the allegation:

"That as a proximate result of the defendants breach of warranty and negligence, as aforesaid, the plaintiff has been damaged to the extent of the value of the real property and appurtenances hereinbefore described, * * *."

In other words, the plaintiff attempts to recover from the State and County for damages based upon acts which he claims constitute both a tort and a breach of a contract of warranty of title.

With respect to the allegations of negligence, we would point out that the

State is immune from suit at the instance of individuals without its consent. Paulus v. State of South Dakota, 58 N.D. 643, 227 N.W. 52; State ex rel. Shafer v. Lowe, 54 N.D. 637, 210 N.W. 501. The State has given its consent to be sued in certain actions. Section 32–12–02, NDCC, provides that:

"An action respecting the title to property, or arising upon contract, may be brought in the district court against the state the same as against a private person."

In Watland v. North Dakota Workmen's Compensation Bureau, 58 N.D. 303, 225 N.W. 812, this Court held that the foregoing provision "is a limited consent and does not embrace suits to recover damages for neglect of official duty."

"The county is an agency of the state, and its liability to suit is based upon statutory or constitutional consent." Mayer v. Studer & Manion Co., 66 N.D. 190, 262 N.W. 925.

■ While a county may sue and be sued, Section 11–10–01, NDCC, the allegations of negligence with respect to Stutsman County do not state a claim independent of the alleged warranty. Unless there is a warranty, the allegations of negligence fail as a matter of law to state a cause of action against the County or the State and no justiciable issue of fact with respect to the negligence of the County or State exists.

We go now to the question of whether the County or the State or both are liable to the plaintiff for breach of a contract of warranty because of the issuance to him of a certificate of tax title and later a tax deed purporting to convey to him the property described in those instruments.

The tax deed obtained by Paul Heasley which is in evidence as a part of the showing upon the motion for summary judgment discloses that it is dated July 26, 1960, and was issued for taxes that were levied for the year 1954, as the result of the non-payment of which the land was sold to Paul Heasley at tax sale on December 13, 1955.

The United States of America filed an income tax lien against the property then owned by Fay Heasley, father of the plaintiff, Paul Heasley, on February 18, 1954. The United States later brought an action against Fay Heasley and others in which the United States District Court for the District of North Dakota directed the sale of the taxpayer's realty by a receiver. United States v. Heasley, 8 Cir., 283 F.2d 422, involves appeals from three orders of the United States District Court. Paul Heasley was an appellant from one of those orders. In that appeal the Court states:

"It appears that local taxes on the real estate were not paid for the years 1954 to 1957, inclusive, and pursuant to the law of North Dakota the land was sold, subject to right of redemption and tax certificates were issued and outstanding for said years in the total amount of $16,299.20. Apparently, these tax certificates are held by various members of the Heasley family. After hearing, and upon consideration, the Court found that the lien of the Government was superior to the interest represented by the tax certificates, and ordered that a lien for the tax certificates would extend only to any surplus remaining after payment in full of the Government's lien. The appellants (one of which was Paul Heasley) in No. 16,543 are complaining of this ruling, but we have difficulty in ascertaining from their brief the precise nature of their contention. At any rate, the order with respect to the tax certificates was correct. The Government's lien for taxes here involved was perfected on February 18, 1954, and prior to the liens for county and state taxes on the real estate. In this situation, it would have been improper for the Court to give preference to such

junior liens prior to the satisfaction of the amount due the Government."

The plaintiff contends that his loss occasioned by the superiority of the tax lien of the United States of America constitutes a breach of warranty for which he is entitled to recover damages. He bases his argument primarily on Section 57–27–05, NDCC, which, among other things, provides that the deed shall vest in the certificate owner, his heirs and assigns, an absolute estate in fee simple subject to the claims of the State or other taxing districts on account of taxes or other liens or encumbrances. He points to frequent decisions of this Court to the effect that a tax deed grants a new and complete paramount title. See Buman v. Sturn, 73 N.D. 561, 16 N.W. 2d 837; Payne v. A. M. Fruh Company, N.D., 98 N.W.2d 27.

■ Our examination of pertinent statutes and the prior decisions of this Court fails to disclose that a tax deed contains a warranty on the part of the State, express or implied, warranting the title it purports to convey, as against encumbrances superior to the title which the State conveys. Section 57–27–05, NDCC, directs the county auditor to execute a tax deed in the name of the State. Section 57–27–06, NDCC, prescribes the form which the county auditor must substantially follow. The habendum clause states that the grantee is "To have and to hold said mentioned lands, with the appurtenances thereunto belonging, to the said party of the second part, his heirs and assigns, forever, in as full and ample manner as the said county auditor of the said county of ——— is empowered by law to sell the same." This provision is contained in the tax deed under which the plaintiff claims. We reach the conclusion that a purchaser at a tax sale acquires no warranty on the part of the State or County as to the title to the property on which he bids and when no redemption is made and he becomes entitled to a tax deed, that deed bears no warranty of title or against prior encumbrances.

As a further indication that our statutes are not to be construed as implying a warranty of a tax title against encumbrances, we would point out that Section 57–02–40, NDCC, provides that:

"Taxes upon real property are a perpetual paramount lien thereon against all persons, except the United States and this state."

The lien against which the plaintiff seeks the warranty of the State is a lien of the United States which was perfected prior to the acquisition of the tax lien by the State and prior to the assessment of the property that is the basis of the State's lien. The statute establishes the priority of the tax lien of the United States over that of the State and points up the unsoundness of the contention that the State or the County by a transfer of the land through a tax deed warranted title against the superior lien of the United States.

■ The plaintiff asserts that he should at least recover the amount paid to Stutsman County for the purchase of the tax certificate. Such a recovery cannot be had in the present action which seeks damages based in part upon breach of warranty and in part upon negligence. It is not an action to recover the amount bid at the tax sale. The issues in such an action would be different from those now before us. No amendment of the complaint has been offered or suggested. The motion was submitted to the trial court on the pleadings, the affidavit of plaintiff's then counsel and interrogatories served by the defendants and answered by the plaintiff. The controversy presented only questions of law which the Court properly decided in favor of the defendants. Since there remains no justiciable issue of fact to be tried, the Court properly granted the defendants' motion for a summary judgment. The judgment is affirmed.

SATHRE, C. J., and BURKE, TEIGEN and STRUTZ, JJ., concur.