Margaret VOLK, Plaintiff and Appellant
and Cross-Respondent,

v.

AUTO–DINE CORPORATION, Defendant
and Respondent and Cross-Appellant.

Civ. No. 8594.

Supreme Court of North Dakota.

May 28, 1970.

Rausch & Chapman, Bismarck, for plaintiff and appellant, and cross-respondent.

Zuger, Bucklin, Kelsch & Zuger, Bismarck, for defendant and respondent, and cross-appellant.

PAULSON, Judge.

This is an appeal from a judgment dismissing the causes of action of Margaret Volk entered pursuant to an order of the district court granting a motion for summary judgment in favor of the Auto-Dine Corporation. Auto-Dine has also taken an appeal from the order of the district court ordering the disallowance of certain costs, and from that portion of the judgment of the district court as modified by said order reducing the taxable costs.

The plaintiff, Margaret Volk, in her complaint, for her first cause of action, alleged that the defendant, the Auto-Dine Corporation, used her recipe for cole slaw and advertised and sold cole slaw designated as "Mother Volk's Cole Slaw" in its retail food-dispensing stores; that she consented to the use of her recipe and her name with the reasonable expectation of payment; that no payment had been made to her; and that Auto-Dine derived benefit and profit from the use of her recipe and her name, for which she is entitled to reasonable compensation. Margaret Volk, for her second cause of action, re-alleged the same allegations set forth in her first cause of action, and further alleged that the use of her name in Auto-Dine's adver-

tisement without compensation to her was an invasion of her right of privacy, thus entitling her to reasonable compensation. Margaret Volk demanded judgment against Auto-Dine in the sum of $15,000 plus her costs and disbursements.

The defendant, the Auto-Dine Corporation, answered both causes of action by generally denying all of the allegations set forth in the complaint of Margaret Volk and alleged that her complaint failed to state a cause of action upon which relief could be granted; that Carrol Hugh Sanders is a son-in-law of Margaret Volk and was the manager of one of the Auto-Dine stores; that Margaret Volk voluntarily permitted her son-in-law, Carrol Hugh Sanders, to use her cole slaw recipe and her name in the advertisement and sale of "Mother Volk's Cole Slaw" in the operation of one of the Auto-Dine stores without making any demand upon Auto-Dine for payment or compensation, and that by such failure she is estopped from making a claim for any compensation for the use of her recipe and her name before she notified Auto-Dine that she was withdrawing her consent to such use; that the alleged agreement set forth in Margaret Volk's complaint is barred by the North Dakota statute of frauds because the agreement was not in writing and its terms could not be performed within one year from the making thereof; that Auto-Dine did not use Margaret Volk's recipe or her name after receiving notice from her that the gratuitous use of her recipe and her name would no longer be permitted after Carrol Hugh Sanders' employment with Auto-Dine was terminated; that Margaret Volk has waived any breach of an alleged contract; and Auto-Dine further alleges, as affirmative defenses, failure of consideration, publication, and payment. Auto-Dine prayed that Margaret Volk's causes of action be dismissed and that it be awarded its costs and disbursements.

Auto-Dine also served a third-party complaint upon Carrol Hugh Sanders, alleging that it received from him the right to use the cole slaw recipe and the name of Margaret Volk; that Sanders represented to Auto-Dine that no compensation was expected for the use of Margaret Volk's recipe and her name and, therefore, upon such representation, Auto-Dine did use the recipe and name of Margaret Volk until notified by her that the right to use her recipe and her name was withdrawn. Auto-Dine therefore demanded judgment against Carrol Hugh Sanders for all sums, if any, which might be adjudged against Auto-Dine in favor of Margaret Volk, together with its costs and disbursements.

Carrol Hugh Sanders, in his answer to Auto-Dine's third-party complaint, alleged that he was employed by Auto-Dine, but denied that he represented to Auto-Dine that there would be no compensation expected for the use of Margaret Volk's recipe and name; that he advised Robert J. Dean and Robert C. Waechter, officers and directors of Auto-Dine, that he could obtain a cole slaw recipe from Margaret Volk and, at their request, he did so; that they thereupon stated that they would take care of her; that the officers of Auto-Dine further desired the use of Margaret Volk's name in advertising the cole slaw, and Robert J. Dean stated that he would contact Margaret Volk and take care of her; that a photograph of Margaret Volk was also taken for the further advertising of "Mother Volk's Cole Slaw"; that Auto-Dine did use Margaret Volk's recipe and advertised the cole slaw in its store locations and in other media as "Mother Volk's Cole Slaw"; that Sanders, of his own knowledge, knew that Margaret Volk understood and expected that she would be fairly compensated for the use of her recipe and her name, but that the amount of such compensation would be determined between Auto-Dine and Margaret Volk. Carrol Hugh Sanders therefore prayed that the third-party complaint be dismissed and that he receive his costs.

Auto-Dine moved for summary judgment to dismiss Margaret Volk's causes of action on the grounds that there was no gen-

uine issue as to any material fact and that Auto-Dine was entitled to a judgment as a matter of law. Auto-Dine based its motion upon all of the pleadings, upon the discovery depositions of Carrol Hugh Sanders and Margaret Volk, and upon the affidavit of Robert J. Dean.

Margaret Volk also moved for summary judgment in her favor and against Auto-Dine on the issue of liability alone, leaving to the jury the determination of the amount of damages that would be awarded to her. Margaret Volk based her motion upon the pleadings, files, depositions, and interrogatories and responses which were filed with the court.

The district court found that if Margaret Volk had a cause of action it was based on contract, either express or implied; that the record showed that any use of her recipe was not accomplished through a breach of confidence or subject to any equitable obligation not to use the same; and that the evidence led to the conclusion that there was a meeting of the minds and that Margaret Volk's rights were limited to the benefits which might be obtained from the use of the "Gold Card" she received from Auto-Dine. The court concluded that there was no genuine issue as to any material fact and therefore granted a summary judgment in favor of Auto-Dine, and dismissed Margaret Volk's causes of action. A judgment was thereafter entered accordingly and Margaret Volk has appealed from such judgment to this court.

■ This case is governed by Rule 56(c), North Dakota Rules of Civil Procedure, the pertinent part of which reads as follows:

"* * * Judgment shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. * * *"

A moving party is entitled to a summary judgment if it appears that there is no genuine issue as to any material fact and that a movant is entitled to a judgment as a matter of law. Zueger v. Boehm, 164 N.W.2d 901 (N.D.1969); Wolff v. Light, 156 N.W.2d 175 (N.D.1968); Titus v. Titus, 154 N.W.2d 391 (N.D.1967). In the instant case both Margaret Volk and Auto-Dine moved for a summary judgment. This court said, in Biby v. Union National Bank of Minot, 162 N.W.2d 370 (N.D.1968), that the mere fact that both parties have moved for a summary judgment does not establish that there is no material issue of fact to be determined. Also, it may be noted, appeal was not taken by Margaret Volk from the order denying her motion for a summary judgment. This court, in Rude v. Letnes, 154 N.W.2d 380 (N.D.1967), held that an order denying a motion for a summary judgment is interlocutory and as such is not appealable. Therefore we must determine whether the court erred in granting Auto-Dine's motion for a summary judgment and in entering the judgment pursuant to said order.

■ A party who moves for a summary judgment has the burden of demonstrating clearly that there is no genuine issue of a material fact. Wolff v. Light, 156 N.W.2d 175 (N.D.1968); Titus v. Titus, 154 N.W.2d 391 (N.D.1967); Mondy v. Gjesdal, 123 N.W.2d 33 (N.D.1963); Temme v. Traxel, 102 N.W.2d 1 (N.D. 1960). The evidence presented at a hearing on such a motion must be construed in favor of the party opposing the motion and he must be given the benefit of all favorable inferences which may reasonably be drawn from the evidence that indicate the presence of a genuine issue of a material fact. Wolff v. Light, *supra*; Mondy v. Gjesdal, *supra*; Temme v. Traxel, *supra*; Feather v. Krause, 91 N.W.2d 1 (N.D. 1958).

Margaret Volk's first cause of action is based upon an express or an implied contract; and her second cause of action—an invasion of her right of privacy—is a tort action.

Whether a tort action lies in North Dakota for an invasion of a person's right of privacy has not been previously considered by this court. Assuming that a cause of action exists for violation of a person's right of privacy in North Dakota, but without deciding such issue, such an action will not lie in the instant case because Margaret Volk admitted in her deposition that she consented to the use of her recipe, her name, and her photograph. Consent to the invasion of a person's right of privacy is a bar to a claim for damages. 41 Am.Jur., Privacy § 17, p. 937; 77 C.J.S. Right of Privacy § 6, pp. 413–414. She asserts that her consent was given with the understanding that she was to be compensated for the use of her recipe, name, and photograph. That, however, is an issue to be determined in her first cause of action.

Margaret Volk's first cause of action must be discussed in light of whether a cause of action would lie in this case; and, if it does, is there a genuine issue as to any material fact?

The depositions, interrogatories, affidavit, and pleadings exhibit a chain of events—from the time when Margaret Volk presented her cole slaw recipe to her son-in-law, Carrol Hugh Sanders, for use in the sale of cole slaw in the Auto-Dine store which he managed—to the time when Margaret Volk commenced suit against Auto-Dine for damages for the use of her name and recipe without compensation. All of the events occurring within that period of time are relevant, insofar as determining whether some agreement was made between Margaret Volk and Auto-Dine. Because there was no written contract, such agreement must arise from either the oral communication between the parties or the conduct of either party; or arise from both the communication and the conduct of the parties. Margaret Volk concedes the fact that Auto-Dine's use of the recipe, alone, would not be sufficient to give rise to an enforceable agreement with Auto-Dine, for no actionable right exists as to the recipe alone. Her contention is that the use of her recipe in combination with her name is a valuable contractual right. We believe that such a right exists under our law. § 9–10–01, N.D.C.C.

After the meeting of the Auto-Dine Corporation which was held at Medora, North Dakota, on July 30, 31, and August 1, 1968, Auto-Dine secured from Margaret Volk her consent to the use of her name in advertising "Mother Volk's Cole Slaw" and in selling the cole slaw at its retail food-dispensing stores. Prior to July 30, 1968, all communication with Margaret Volk by Auto-Dine was conducted through Carrol Hugh Sanders, her son-in-law and its employee, and was preliminary in nature. After Auto-Dine's meeting at Medora, an officer of Auto-Dine directed Sanders to make inquiry as to whether Margaret Volk would consent to its use of her name. Considering the evidence presented in the form of depositions, interrogatories, affidavit, and pleadings in the light most favorable to the plaintiff, we conclude, for the purpose of considering the motion for summary judgment only, that there is a genuine issue as to a material fact; that is, whether or not there was an agreement between the parties.

The merits of this cause of action cannot be discussed where there is a genuine issue as to any material fact, because this is an appeal from a summary judgment. There is an additional material issue of fact between the parties as to whether any compensation was to be paid to Margaret Volk in consideration of Auto-Dine's right to the use of her name and recipe in its advertising of "Mother Volk's Cole Slaw". She contends that Auto-Dine did represent to her that she was going to receive reasonable compensation. The

**530**

record shows that Auto-Dine contemplated even further advertising of "Mother Volk's Cole Slaw", in that they asked Margaret Volk to have her picture taken and, thereafter, her image was reproduced on the serving containers to be used in Auto-Dine's sale of the cole slaw. Auto-Dine contends that payment was made to Margaret Volk when she accepted a "Gold Card" issued by Auto-Dine for her sole use once a week for a free meal at an Auto-Dine store. The issue arises whether this was reasonable compensation in light of the agreement between Auto-Dine and Margaret Volk. Section 9–05–07, North Dakota Century Code, provides that where agreement as to compensation is undetermined or one party has the power to determine what the compensation would be, the statute demands that a reasonable compensation had been contemplated between the parties. Hence, an issue arises as to whether delivery of the "Gold Card" to Margaret Volk was or was not reasonable compensation. Auto-Dine implies that it was; Margaret Volk contends that it was not reasonable compensation. Furthermore, she asserts that she did not use the Gold Card because its use was restricted to one person and because she never agreed to accept such card as reasonable compensation. Having reviewed the record, we find that a genuine issue as to a material fact was presented by the pleadings, the affidavit, the depositions, and the interrogatories and responses.

▇▇▇ Where the summary judgment is reversed and the taxable costs as determined by the district court are an integral part of that judgment, the appeal from the order reducing the taxable costs and that part of the summary judgment modified by the order reducing taxable costs will not be considered by this court, since the awarding of costs is dependent upon which party prevails upon a final determination of the case on the merits. § 28–26–06, N.D.C.C.

The judgment of the district court granting the motion of the Auto-Dine Cor-poration for a summary judgment in its favor and the judgment dismissing Margaret Volk's cause of action based on contract is reversed, the judgment as to Margaret Volk's cause of action based upon the invasion of her right of privacy is affirmed, and the case is remanded to the district court for a trial on the merits of the first cause of action only.

TEIGEN, C. J., and ERICKSTAD, STRUTZ, and KNUDSON, JJ., concur.