R. M. HART, Plaintiff and Appellant,

v.

G. W. KERN, Defendant and Appellee.

Civ. No. 9454.

Supreme Court of North Dakota.

July 17, 1978.

Frederick E. Saefke, Jr., Bismarck, for plaintiff and appellant.

Pearce, Anderson, Thames & Durick, Bismarck, for defendant and appellant; argued by B. Timothy Durick, Bismarck.

SAND, Acting Chief Justice.

This is an appeal by R. M. Hart, plaintiff, from a Burleigh County district court summary judgment dismissing his amended complaint with prejudice.

Hart's amended complaint alleged he suffered irreparable and permanent partial damage to his left hand as a result of being "severely and seriously bitten" by Kern's vicious dog on 13 June 1976. Hart sought $5,000 in special damages and $125,000 in general damages for his injuries. The defendant, Kern, served and filed his answer and demanded a trial by jury pursuant to Rule 38(b), North Dakota Rules of Civil Procedure.[1]

The depositions of Hart and Kern established that on the date of the incident Hart was a dinner guest at the Kerns' residence. Hart and Kern were neighbors. Hart, in his deposition, testified that at the time he and Kern were about to enter the Kern home, Hart's dog, Baron, a Doberman, arrived on the premises. The Kerns' dog, half Labrador and half Chesapeake, was in the garage. He was aware of two previous occasions when the two dogs had gotten into fights.

Hart, in his deposition, also testified as to the circumstances leading up to the incident:

---

1. Rule 38(d), NDRCivP, in part, provides that "A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

"And as I stopped and turned around and waited for Gordon [Kern], I noticed my dog coming across Mr. Schroeder's property onto the Kern property. And I asked Gordy where his dog was. He said, 'In the garage.'

"And the dog—my dog continued toward this—Mr. Kern was much closer to my approaching dog. And I—and I said, 'Gordy, grab Baron [Hart's dog] when he comes by.' and he said 'Okay.' So he—he—as the dog approached him, he called him. He grabbed him by the collar. And by that time Kern's dog slipped out of their garage and made a flying attack at me. I threw my hands up. I was knocked to the ground. My glasses were bent. And I was bitten or grabbed, bitten on my left hand.

"And the dogs—after this was—happened, Kern was—had—had ahold of my dog's collar and was using his feet to kick his dog to keep the two dogs apart."

According to the deposition of Kern, both he and Hart were aware of the fighting propensities of the two dogs when they were together. Kern stated that his dog, if not locked up, would generally follow him, and that the same was true of Hart and Hart's dog. At the time of the incident, he said that he had put the dog in the garage and closed the garage door "but it didn't latch tight probably."

Kern, in his deposition, also testified regarding the Labrador's ability to get out of the garage:

"Q   What type of security lock or gate, if any, did you have on the garage?

"A   Well, it's a regular roll-up garage door; and you pull it down, it snaps shut if it's pulled down securely.

"Q   If the door wasn't down securely, have the dogs developed an ability to get their nose under it or paws under it and push it up?

"A   The Labrador did."

The trial court awarded Kern summary judgment, stating that there was no genuine issue of fact to be tried regarding the question of Kern's liability. Hart appealed to this Court, contending that the pleadings and depositions raised issues of fact which entitled him to a trial.

The incident giving rise to the cause of action took place on 13 June 1976 and since that date the common law categories of licensee and invitee in premises liability cases have been abandoned in this jurisdiction.

This Court, on 10 March 1977, ruled to abandon the use of these categories in *O'Leary v. Coenen,* 251 N.W.2d 746 (N.D. 1977), but did so prospectively, except as to the parties involved in the case under consideration.

Because the cause of action occurred prior to the *O'Leary* decision, the common law categories still applied.

The court found Hart to be a social guest on the Kerns' premises and therefore a licensee, and applied the general rule regarding a landowner's duty of care owed to a licensee.

As stated in *Werth v. Ashley Realty Company,* 199 N.W.2d 899, 904 (N.D.1972), the owner or occupant of the premises owes no duty to a licensee other than to refrain from willfully or wantonly injuring him or causing injury to him through such gross negligence as is equivalent to willfulness or wantonness.

We stated the test for determining when negligence becomes willful and wanton in *Van Ornum v. Otter Tail Power Company,* 210 N.W.2d 188, 202 (N.D.1973):

"In order to characterize an injury as having been willfully or wantonly inflicted, it is necessary to show knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; ability to avoid resulting harm by ordinary care and diligence in the use of the means at hand; and the omission of such care and diligence to avert threatened danger when to an ordinary person it must be apparent that the result likely would prove disastrous to another."

An exception to this rule exists, and in *Sendelbach v. Grad,* 246 N.W.2d 496 (N.D. 1976), this Court repeated the "hidden per-

il" exception found in *Werth v. Ashley Realty Co., supra,* at 905:

> " 'In accordance with the general rule discussed supra § 63(32), an owner or person in charge of premises ordinarily is not under any affirmative duty to give licensees warning of concealed perils, although he might, by the exercise of reasonable care, have discovered the defect or danger which caused the injury. However, he owes a duty not knowingly or willfully to let the licensee run into, or expose him to, a hidden danger or peril, but should take whatever steps are reasonable, under the circumstances, to protect the licensee from such peril, and accordingly should give to the licensee a reasonable warning, or information regarding the dangerous condition, which is not open to the licensee's observation but of which the owner or occupant knows or should know. In case of failure of this duty, the owner or proprietor may be held liable for unusual concealed perils against which the licensee cannot protect himself, and this liability is predicated, not on the existence of the concealed danger, but on the failure to give warning of its existence.' 65 C.J.S. Negligence § 63(39), pp. 713–714."

The trial court granted Kern a summary judgment and dismissed Hart's amended complaint with prejudice. The amendment alleged:

> "That Defendant kept his dog, or dogs, as watchdogs, and knew that such dog, a Chesapeake-Labrador, would attack other dogs or persons in his yard, and did negligently and carelessly, or willfully and wantonly, or in reckless disregard for the Plaintiff's safety, or did knowingly let Plaintiff come upon his property wherein there was a hidden peril, to wit: Defendant's vicious dog, which Defendant failed to have secured for the safety of his invitees."

This Court, in *Heasley v. State,* 115 N.W.2d 334 (N.D.1962), said that summary judgment is appropriate when there is no genuine issue as to any material fact to be tried.[2]

In *Albers v. NoDak Racing Club, Inc.,* 256 N.W.2d 355, 359 (N.D.1977), we noted that whenever the court must make a finding of fact, summary judgment is inappropriate.

> "If the court deemed it necessary to make findings of fact as distinguished from a mere recital of facts, then the issuance of a summary judgment by the trial court was improper."

We have previously stated that even where there is no dispute as to the facts, if inferences may be reasonably drawn from the evidence to indicate a genuine issue of fact, summary judgment is improper and a trial should be had. *Kirton v. Williams Electric Cooperative, Inc.,* 265 N.W.2d 702 (N.D.1978); *Johnson v. American Motors Corporation,* 225 N.W.2d 57 (N.D.1974); *Wolff v. Light,* 156 N.W.2d 175, 178 (N.D. 1968). This is especially true in cases involving the standard of reasonable men, issues of negligence, assumption of risk, and such related items. Wright & Miller, Federal Practice and Procedure: Civil § 2729, p. 570, quoted in *Johnson, supra.*

In *Wolff v. Light, supra,* we said that generally issues of negligence, including such related issues as wanton or contributory negligence are ordinarily not disposed of by summary judgment for or against the defendant, but are tried by the jury or the court.

The pleadings and depositions raise issues of negligence which are questions of fact to be determined by the trier of facts. *Kresel v. Giese,* 231 N.W.2d 780 (N.D.1975); *Seibel v. Symons Corporation,* 221 N.W.2d 50 (N.D.1974); and *Luithle v. Taverna,* 214 N.W.2d 117 (N.D.1973). It was admitted that Kern failed to properly close the garage door and that he had knowledge of his dog's ability to push up the unsecured garage door and escape.

A question of fact exists as to whether or not Kern exposed Hart to a "hidden peril" by not warning him that his dog could escape from the garage when Hart's dog

2. Rule 56, North Dakota Rules of Civil Procedure.

was in the area, and both parties knew that the two dogs fought when together. It is also a question of fact whether or not Kern's failure to properly latch the garage door amounted to gross negligence equivalent to willfulness or wantonness under the circumstances.

There is also a question of fact whether or not Hart had knowledge that Kern's dog could escape from the garage. However, the depositions established that Kern knew that Hart's dog generally followed him when not tied up. Kern testified:

"They never went on each other's property otherwise, but if Mr. Hart would come over to our place, if Baron [Hart's dog] wasn't tied up, he would follow; and if I went over to their place, mine would follow if I didn't lock them up."

Kern could expect Hart's dog when Hart was on the premises. In anticipation of this, he put his own dog in the garage but failed to properly secure the garage door.

Although the duty of care owed to Hart by Kern must be determined upon the basis of Hart's status as a licensee on the premises, we do not believe that the question of Kern's conduct can be resolved by the trial court as a matter of law without any findings of fact.

There are genuine issues of fact to be resolved. The fact finder must decide whether Kern's knowledge of his dog's ability to escape from the garage and his failure to warn Hart, under the circumstances, amounted to wanton or willful negligence. It is also a question of fact whether Kern knowingly exposed Hart to a "hidden peril."

We conclude that the trial court erred in summarily disposing of Hart's complaint by granting Kern's motion for summary judgment. We express no comments as to the merits of the case.

Accordingly, we reverse the trial court's judgment and order the case to be tried on its merits.

VOGEL, PEDERSON and PAULSON, JJ., and HEEN, District Judge, concur.

HEEN, District Judge, sitting in place of ERICKSTAD, C. J., disqualified.